UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-20427

COMMERCIAL UNDERWRITERS INSURANCE COMPANY,

Plaintiff - Counter Defendant - Appellee

VERSUS

MOBIL OIL CORPORATION; ET AL
Defendants

MOBIL OIL CORPORATION; MOBIL CHEMICAL COMPANY INC

Defendants - Counter Claimants - Appellants

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

H-99-CV-4155

March 21, 2002

Before ALDISERT[*], DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[**]

_____

[*] Circuit Judge of the Third Circuit Court of Appeals, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except

1

The appellants, Mobil Oil Corporation and Mobil Chemical Company, Inc., ("Mobil"), appeal from the district court's final judgment entered on March 15, 2001. Mobil contends the district court erred when it granted Commercial Underwriters Insurance Company's motion for summary judgment and dismissed Mobil's counterclaim.

The critical issue presented by this appeal is whether the "strict" notice standard should be applied to a notice provision in a claims-made policy when an additional insured such as Mobil seeks insurance coverage.[1] The district court's February 15, 2001 order explains, in a very thorough fashion, why our *Matador* holding extends to an additional insured such as Mobil. We therefore affirm for essentially the same reasons stated by the district court in its February 15, 2001 order.

AFFIRMED.

---

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658-660 (5th Cir. 1999), we determined that the "strict" notice standard applies to notice provisions in claims-made policies when insurance coverage is sought by the named insured.